# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV 13  A 9 53

CLERK C Adams
SO. DIST. OF GA.

|  |  |
|---|---|
| WILLIAM H. CARTER<br>     Plaintiff | )<br>)<br>) |
| vs | )<br>) |
| SESSIONS, FISHMAN, NATHAN<br>& ISRAEL, L.L.P.,<br>KEREN E. GESUND<br>La. Bar No: 34397,<br>HALL,  BOOTH,<br>SMITH & SLOVER P.C.,<br>GLENN E. JONES, ESQ.<br>Ga. Bar No: 612374,<br>FIRST PREMIER BANK,<br>EMRYL HOFF,<br>NCO FINANCIAL SERVICES, INC.<br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No:

Judge  **C V 3 1 2   1 0 1**

**Trial By Jury Demanded**

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p, 28 U.S.C §1331 and 15 U.S.C. §. 1692 et.

   seq

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is William H. Carter (Carter) a natural person, who resides in Dodge County, Georgia who is a consumer as defined in 15.U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

4. Defendant Sessions, Fishman, Nathan & Israel L.L.P. (Sessions) is a law firm with offices at 3850 N.Causeway Boulevard, Suite 200, Metairie, LA, 70002 and is a debt collector as the term is defined by 15 U.S.C. § 1692a(6), and is considered a person as defined by 15 U.S.C. § 1681a(b) and a furnisher of information pursuant to 15 U.S.C. § 1681 et.seq. of the FCRA.

5. Defendant Keren E. Gesund  LA. Bar No. 34397 (Gesund) is an attorney employed with Sessions, Fishman, Nathan & Israel L.L.P. with offices at 3850 N. Causeway Boulevard, Suite 200, Metairie, LA, 70002 and is a debt collector as the term is defined by 15 U.S.C. § 1692a(6), and is considered a person as defined by 15 U.S.C. § 1681a(b) and a furnisher of information pursuant to 15 U.S.C. § 1681 et.seq. of the FCRA.

6. Defendant Hall, Booth, Smith & Slover, P.C. (HBSS) is a law firm with offices at 3528 Darien Highway, Suite 300, Brunswick, GA 31525 and is a debt collector as the term is defined by 15 U.S.C. § 1692a(6), and is considered a person as defined by 15 U.S.C. § 1681a(b) and a furnisher of information pursuant to 15 U.S.C. § 1681 et.seq. of the FCRA.

7. Defendant Glenn E. Jones GA. Bar No. 612374 (Jones) is an attorney employed with Hall, Booth, Smith & Slover, P.C.  with offices at 3528 Darien Highway, Suite 300, Brunswick, Georgia, 31525 and is a debt collector as the term is defined by 15 U.S.C. § 1692a(6), and is considered a person as defined by 15 U.S.C. § 1681a(b) and a furnisher of information pursuant to 15 U.S.C. § 1681 et.seq. of the FCRA..

8. Defendant First Premier Bank (Premier) with offices at PREMIER Bankcard, L.L.C., 3820 North Louise Avenue, Sioux Falls, SD 57107 and is a debt collector as the term is defined by 15 U.S.C. § 1692a(6), and is considered a person as defined by 15 U.S.C. § 1681a(b) and a furnisher of information pursuant to 15 U.S.C. § 1681 et.seq. of the FCRA.

9. Defendant Emryl Hoff (Hoff) is an Executive Communications Specialist and is an employee of First Premier Bank with offices at PREMIER Bankcard, L.L.C., 3820 North Louise Avenue, Sioux, Falls, SD 57107 and is a debt collector as the term is defined by 15 U.S.C. § 1692a(6), and is considered a person as defined by 15 U.S.C. § 1681a(b) and a furnisher of information pursuant to 15 U.S.C. § 1681 et.seq. of the FCRA.

10. Defendant NCO Financial Systems Inc. (NCO)  is a debt collection company with offices at 507 Prudential Road, Horsham, PA 19044 and is a debt collector as the term is defined by 15 U.S.C. § 1692a(6), and is considered a person as defined by 15 U.S.C. § 1681a(b) and a furnisher of information pursuant to 15 U.S.C. § 1681 et.seq. of the FCRA.

## VENUE

11. The occurrences which give rise to this action occurred in Dodge County, Georgia and Plaintiff resides in Dodge County, Georgia.

12. Venue is proper in the Southern District of Georgia.

## GENERAL ALLEGATIONS

13. Plaintiff in this case filed a related case on November 21, 2011 in the Federal District Court, Dublin Division, (3:11-CV-00107).

14. As a result of documents obtained by subpoena on Premier, during discovery by NCO in case 3:11-CV-00107, Carter discovered violations of the FCRA perpetrated by all of the above named Defendants.

15. Carter determined from the documents provided to him that his 2007 TransUnion Credit Report had been unlawfully obtained and disseminated to and by unauthorized parties.

16. By obtaining and subsequently disseminating Carter's credit report to unauthorized parties, all above named Defendants were acting as both Credit Reporting Agencies and "furnishers of information" in violation of the Fair Credit Reporting Act (FCRA).

17. Discovery of these violations of the FCRA brought forth herein occurred in November of 2012 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

18. By acquiring Carter's consumer credit report without a permissible purpose the defendants did obtain information about the consumer by false representation and/or deceptive means in violation of 15 U.S.C.§ 1692e(10).

## <u>COUNT I</u>

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS, SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P., KEREN E. GESUND, HALL, BOOTH, SMITH & SLOVER, P.C., GLENN E. JONES, FIRST PREMIER BANK, EMERYL HOFF, AND  NCO FINANCIAL SYSTEMS INC.

19. Paragraphs 1 through 18 are re-alleged as though fully set forth herein.

20. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

21. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C.  § 1681a(d).

22. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report and its use.

23. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the

inquiry.

24. The Fair Credit Reporting Act prohibits any person from using or obtaining a consumer report for other than permissible purposes, 15 U.S.C. 1681b. Any person who willfully and or negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys' fees and costs, 15 U.S.C. § 1681n-o. Permissible uses of the Credit Report are:

  a.  Applications for credit, insurance, and rentals for personal, family or household purposes.

  b.  Employment, which includes hiring, promotion, reassignment or retention. A CRA may not release a credit report for employment decisions without consent.

  **c.  Court orders, including grand jury subpoenas.**

  d.  "Legitimate" business needs in transactions initiated by the consumer for personal, family, or household purposes.

  e.  Account review. Periodically, banks and other companies review credit files to determine whether they wish to retain the individual as a customer.

  f.  Licensing (professional).

  g.  Child support payment determinations.

  h.  Law enforcement access: Government agencies with authority to investigate terrorism and counterintelligence have secret access to credit reports.

25. There was no ***Court Order or Grand Jury subpoena*** authorizing Defendants, Premier and Hoff to provide Carter's credit report containing his personal information including his full social security number, to any Defendant's counsel in case number 3:11-CV-00107 or any other

individual(s), nor was there any authorization for Defendants, Sessions, Gesund, HBSS, Jones and NCO to use and disseminate it.

26. The subpoena sent to Premier did not include any **Court Order** to produce Carter's credit report

27. Defendants, Sessions, Gesund, HBSS, Jones and NCO violated the law by obtaining Carter's credit report during litigation and subsequently during the discovery process.

**WHEREFORE**, Plaintiff demands judgment against **each and every Defendant** for statutory damages of $1000 and/or actual damages or any attorney's fees and costs pursuant to 15 U.S.C. § 1681n and/or § 1681o(a), as well as any other equitable remedy this Honorable Court deems appropriate.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FCDPA), 15 U.S.C. §1692 et. seq. BY DEFENDANTS, SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P., KEREN E. GESUND, HALL, BOOTH, SMITH & SLOVER, P.C., GLENN E. JONES, FIRST PREMIER BANK, EMERYL HOFF, AND  NCO FINANCIAL SYSTEMS INC.

28. Paragraphs 1 through 27 are re-alleged as though fully set forth herein.

29. Plaintiff is a consumer within the meaning of the FDCPA 15 U.S.C. § 1692a(3).

30. Defendants are debt collectors within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

31. Defendants violated the FDCPA 15 U.S.C. § 1692.  Defendants' violations include but are not limited to the following:

   a. § 1692e(10)  any false representation or deceptive means to collect a debt or obtain information about a consumer.

   b. § 1692d  any conduct the natural consequence of which is to harass, oppress, or abuse and person.

Original Complaint Page **6** of **9**

32. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses andy debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

33. The FDCPA is a strict liability statute and does not require intentional conduct by the debt collectors for the Plaintiff to be entitled to damages.

34. The Fair Debt Collection Practices Act (FDCPA) is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant for statutory damages of $1,000, and actual damages of $5,000 for emotional distress and suffering, other actual damages, as well as any attorney's fees and costs, pursuant to 15 U.S.C. § 1692K(A)(1); 15 U.S.C. § 1692K(a)(2)(A); U.S.C. § 1692k(a)(3) and Fed R. Civ. P. 54d.

Glenn E. Jones GA Bar No. 612374
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525

First Premier Bank
3820 North Louise Avenue
Sioux Falls, SD 57107

Emryl Hoff
3820 North Louise Avenue
Sioux Falls, SD 57107

NCO Financial Systems Inc.
507 Prudential Road
Horsham, PA 19044

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant(s) have violated the Fair Debt Collection Practices Act, The Fair Credit Reporting Act,; and, Plaintiff prays that judgment favorable to Plaintiff be entered against the Defendant(s) in this action. Plaintiff further requests the court to forward a copy of the transcript of these proceedings to the Georgia and Louisiana Bar Associations for further investigation.

Dated: November 12, 2012

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia 31023
478-689-0708

Service to:

Sessions, Fishman, Nathan & Israel, L.L.P.
3850 N. Causeway Boulevard, Suite 200
Metairie, LA. 7002

Keren E. Gesund LA Bar No. 34397
3850 N. Causeway Boulevard, Suite 200
Metairie, LA. 7002

Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525

From: (478) 374-2551
Bill Lowery
215 Main St
Eastman, GA 31023

Origin ID: MCNA



Shipped To: William Carter

SHIP TO: (478) 374-4432
CLERK U.S. DISTRICT COURT

BILL SENDER

600 JAMES BROWN BLVD

AUGUSTA, GA 30901

FedEx
Express

J120103000025

Ship Date: 12NOV12
ActWgt: 1.0 LB
CAD: 102004327/INET3300

Delivery Address Bar Code

Ref #
Invoice #
PO #
Dept #

TRK#  0201
7940 5308 8921

XH AGSA

TUE - 13 NOV A4
PRIORITY OVERNIGHT

30901
GA-US
CAE

5153363E2BBAW44